IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF Las Vegas, Nevada

FILED —RECEIVED
— ENTERED —SERVED ON
COUNSEL/PARTIES OF RECORD

2010 JUL 29 P 12: 00

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

Shaun Rosiere

       Plaintiff,

                                       2:10-cv-01269-GMN-LRL ___DEPUTY

V.

Frank Silva (Postal employee); Ann Smith (Postal employee); Brandon D. Lewis (Postal employee); James S. Russell (D.O.J. employee); Craig B. Shaffer (Judicial employee);  Jay Hoffman (D.O.J. employee); Peter N. Katz (D.O.J. employee); Robert Palka (Postal employee); , Kristen L. Mix (Judicial employee);  Frank E. Jones (Postal employee);  Robert Meyers (Postal employee); *Ralph J. Marra* (D.O.J. employee); Peggy A. Leen (Judicial employee) & Garrett E. Brown, Jr. (Judicial employee); [Federal employees unknown – who actively participated in the investigation process - direct knowledge. See - Bivens vs. 6 unknown named federal agents 403 US 388, 91 S CT 1999, 29LE2d 619(1971)].



       Defendants.

---

Title 28 § 1361, Action to compel an officer of the United States to perform his duty
&
Violation unilateral contract

---

## A.  Introduction

(1)  Shaun Rosiere seeks, Title 28 § 1361, Action to compel an officer of the United States to perform his duty.  That Danial G. Bogden, United States Attorney, District of Nevada, criminal and civilly prosecute for the crimes of the **Defendants** listed above, for their violation of law in: section **G.  Complaint.**

.

(2) Shaun Rosiere seeks, constitutional remedies for violation of oath of office, in turn unilateral contract violations by the **Defendants** listed above (See **G.  Complaint.)** and to set in a position pre-violation of the contracts.

(3) Shaun Rosiere seeks, all other remedies by law allowed and as the Court sees fit from the above listed Defendants!

### B.  Personal Jurisdiction

(1)  The Nevada Supreme Court has interpreted Nevada's long-arm statute to reach the limits of federal constitutional due process. Judas Priest v. Second Judicial Dist. Court of Nev., 104 Nev. 424, 426, 760 P.2d 137, 138, (1988).

(2) *Calder v. Jones*, 465 U.S. 783, 784-85 (1984); Defamatory statements that are expressly directed at a resident of that state. In *Calder,* the Supreme Court found that an article published by the National Enquirer about actress Shirley Jones, where the reporters knew that Jones lived and worked in California and that she would bear the brunt of the injury in California, they should "anticipate being haled into court there to answer for the truth of their statements." 465 U.S. at 789.

(3)  A defendant who enters into an obligation which she knows will have effect in the forum state purposely avails herself of the privilege of acting in the forum state. See Calder v. Jones, 465 U.S. at 789-90, 104 S.Ct. at 1487; Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781, 104 S.Ct. 1473, 1481, 79 L.Ed.2d 790 (1984); World-wide Volkswagon v. Woodson, 444 U.S. at 297, 100 S.Ct. at 567. See also Flynt Distributing Co., Inc. v. Harvey, 734 F.2d 1389, 1393 (9th Cir.1984)

(4) *Brainerd v. Governors of the University of Alberta,* 873 F.2d 1257 (9th Cir. 1989), where the court found that an alleged defamatory statement made in one telephone call received by the academic vice president of the University of Alberta about a former faculty member was sufficient to require the academic vice-president and the University to appear in Arizona to defend the truthfulness of the statement.

(5) Copyright, trademark, and invasion of privacy claims, could be sufficient to meet tile Calder "effects test." See, e.g., *Thomas Jackson Publishing, Inc. v. Buckner,* 625 F. Supp. 1044, 227 U.S.P.Q. 1048 (D. Neb. 1985) (in which the court sitting in Nebraska found that the defendant's alleged infringement of plaintiff's copyrighted song was conduct "purposefully directed" at the plaintiff sufficient to find jurisdiction).

(6)  Rainbow Travel Serv., Inc. v. Hilton Hotels Corp, 896 F.2d 1233, 1238 (10th Cir.1990)

(7) Lewis v. Fresne, 252 F.3d 352,358-59 (5th Cir.2001)

### C.  Subject-Matter Jurisdiction

(1)  Violations of 4 U.S.C. Sec. 72

(2) Violations of 18 U.S.C. Sec 1701, 1702, 1703

(3)  Violations of Title 39, 1970 postal reformed act

(4) Action under _28 USCS § 1361_ (2002)

    (a) _§ 1361. Action to compel an officer of the United States to perform his duty_

    (b)  _The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff._

    (c) Original jurisdiction for judicial review of agency actions under 5 U.S.C. §§ 701-706

(5) Violations of 5 U.S.C Sec. 3331

(6) Violations of 18, U.S.C., Section 242

(7) ) Violations of TITLE 18 § 4  Misprision of felony

**Note: The complaint does not have to state an amount in controversy when jurisdiction is based on a federal question, 28 U.S.C. Sec. 1331.**

**Note:  See other violations of law in, section G.  Complaint, for other Subject-Matter Jurisdictions.**

### D.  _Pro Se_ Complaint/Pleadings Standards

(1) Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*).

(2) The pleading of one who pleads pro se for the protection of civil rights should be liberally construed. Blood v. Margis, 322 F.2d 1086 (1971).

(3) BALDWIN COUNTY WELCOME CENTER v. BROWN 466 U.S. 147, 104 S. Ct. 1723, 80 L. Ed. 2d 196, 52 U.S.L.W. 3751. Rule 8(f) provides that " pleadings shall be so construed as to do substantial justice." We frequently have stated that pro se pleadings are to be given a liberal construction.

(4) CASTRO V. UNITED STATES (02-6683) 540 U.S. 375 (2003)
290 F.3d 1270

(5) ESTELLE, CORRECTIONS DIRECTOR, ET AL. v. GAMBLE 29 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251

(6) HUGHES v. ROWE ET AL. 449 U.S. 5, 101 S. Ct. 173, 66 L. Ed. 2d 163, 49 U.S.L.W. 3346

Note: Pleadings in this case are being filed by Plaintiff In Propria Persona, wherein pleadings are to be considered without regard to technicalities. Propria, pleadings are not to be held to the same high standards of perfection as practicing lawyers. See Haines v. Kerner 92 Sct 594, also See Power 914 F2d 1459 (11th Cir1990), also See Hulsey v. Ownes 63 F3d 354 (5th Cir 1995). also See In Re: HALL v. BELLMON 935 F.2d 1106 (10th Cir. 1991).

Note: In Puckett v. Cox, it was held that a pro-se pleading requires less stringent reading than one drafted by a lawyer (456 F2d 233 (1972 Sixth Circuit USCA). Justice Black in Conley v. Gibson, 355 U.S. 41 at 48 (1957) "The Federal Rules rejects the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." According to Rule 8(f) FRCP and the State Court rule which holds that all pleadings shall be construed to do substantial justice."

## E. Fair Notice Pleading Standards

The rules do not require the pleading to detail the facts or plead legal theory. **(Conley v. Gibson, 355 U.S. 41,47,78 S.Ct. 99, 103 (1957)).** The complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rest. **(FRCP 8(a); Swierkiewicz v. Sorema, 534 U.S. 506, 513, 122 S.Ct. at 998 (2002)).** The Notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues. **(Swierkiewicz, 534 U.S. at 513, 122 S.Ct at 988).**

### F.  Ruling On A Question Of Law Standards

**Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff.** See Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996).

**Special Note:**  When a prosecutor undertakes conduct that is beyond the scope of his litigation-related duties." Barbera v. Smith, 836 F.2d 96, 100 (2d Cir. 1987). Thus, when a prosecutor supervises, conducts, or assists in the investigation of a crime, or gives advice as to the existence of probable cause to make a warrantless arrest -- that is, when he performs functions normally associated with a police investigation -- he loses his absolute protection from liability. See Burns v. Reed, 500 U.S. 478, 493, 114 L. Ed. 2d 547, 111 S. Ct. 1934 (1991) ("We do not believe . . . that advising the police in the investigative phase of a criminal case is so intimately associated with the judicial phase of the criminal process . . . that it qualifies for absolute immunity." (internal quotation marks and citations omitted)); see also Kalina, 118 S. Ct. at 508; Ying Jing Gan, 996 F.2d at 531; Barbera, 836 F.2d at 100.

### G.  Complaint

1. On or about January 18, 2005, Frank Silva , for the Ken Caryl Post Office (Postal employee), knowingly and willfully obstructs or retards the passage of US mail, credit applications (First Class Mail, by class), in turn violated TITLE 18 § 1701 and TITLE 18 § 1703, commented a felony. In turn Violated 5 U.S.C Sec. 3331,  and Violated 4 U.S.C. Sec 72 limitations in the post of duty for United States Postal Service (USPS) employees which are in the body of Title 39, as set by Congress.
On or about 12/07/2006, is the first time this information became available and known through a federal  affidavit , that was concealed by James S. Russell (D.O.J. employee). (Emphasis added). Mailed to:  7380 S. Eastern Ave, STE#124265, Las Vegas, Nevada 89123 legal mailing residence.

2. On or about January 18, 2005, Ann Smith, for the Ken Caryl Post Office (Postal employee), knowingly and willfully obstructs or retards the passage of US mail, credit applications (First Class Mail, by class), in turn violated TITLE 18 § 1701 and TITLE 18 § 1703, commented a felony. In turn Violated 5 U.S.C Sec. 3331,  and Violated 4 U.S.C. Sec 72 limitations in the post of duty for United States Postal Service (USPS) employees which are in the body of Title 39, as set by Congress.
On or about 12/07/2006, is the first time this information became available and known through a federal  affidavit , that was concealed by James S. Russell (D.O.J. employee). (Emphasis added).  Mailed to: 7380 S. Eastern Ave, STE#124265, Las Vegas, Nevada 89123 legal mailing residence.

3. On or about January 20, 2005, Brandon D. Lewis, (Postal employee), knowingly and willfully took US mail  from Ken Caryl Post Office before it had been delivered to the person to whom it was directed, obstruct the correspondence,  detains, delays, to pry into the business or secrets of Mr. Rosiere (publisher). Credit applications are (First Class Mail, by class), in turn violated TITLE 18 § 1702 and TITLE 18 § 1703, commented a felony. In turn Violated 5 U.S.C Sec. 3331, and Violated 4 U.S.C. Sec 72 limitations in the post of duty for United States Postal Service (USPS) employees which are in the body of Title 39, as set by Congress.

On or about 12/07/2006, is the first time this information became available and known through a federal  affidavit , that was concealed by James S. Russell (D.O.J. employee). (Emphasis added).  Mailed to: 7380 S. Eastern Ave, STE#124265, Las Vegas, Nevada 89123 legal mailing residence.

4. On or about January 20, 2005 through June 21,2005, Brandon D. Lewis, (Postal employee), knowingly and willfully took US mail  from Ken Caryl Post Office before it had been delivered to the person to whom it was directed, obstruct the correspondence, failed to seek a warrant, opened letter, detains, delays, to pry into the business or secrets of Mr. Rosiere (publisher). Credit applications are (First Class Mail, by class), in turn violated the 4th Amendment of the constitution.  Violated 39 U.S.C. § 3623(d) protects first class mail "of domestic origin" from search without a warrant (Active 2005). In turn Violated 5 U.S.C Sec. 3331,  and Violated 4 U.S.C. Sec 72 limitations in the post of duty for United States Postal Service (USPS) employees which are in the body of Title 39, as set by Congress. In turn 18, U.S.C., Section 242, commented a felony.

On or about 12/07/2006, is the first time this information became available and known through a federal  affidavit , that was concealed by James S. Russell (D.O.J. employee). (Emphasis added).  Mailed to: 7380 S. Eastern Ave, STE#124265, Las Vegas, Nevada 89123 legal mailing residence.

5. On or about July 22, 2005 through March, 2005, Brandon D. Lewis, (Postal employee), knowingly and willfully investigated FEDEX (beyond Jurisdiction, United States Postal Service (USPS)), which is not under public authority of title 39, to pry into the business or secrets of Mr. Rosiere (publisher). In turn Violated 5 U.S.C Sec. 3331,  and Violated 4 U.S.C. Sec 72 limitations in the post of duty for United States Postal Service (USPS) employees which are in the body of Title 39, as set by Congress.  When Brandon D. Lewis, (Postal employee), did not have jurisdiction to act, he willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381. commented a felony.

On or about 12/07/2006, is the first time this information became available and known through a federal  affidavit , that was concealed by James S. Russell (D.O.J. employee). (Emphasis added).  Mailed to: 7380 S. Eastern Ave, STE#124265, Las Vegas, Nevada 89123 legal mailing residence.

6. On or about 12/07/2006 James S. Russell (D.O.J. employee),  after approximately 1 year of concealment of a federal  affidavit, who incorporated by reference on 12/20/2005 and 01/12/2006 in a case filed in Denver Colorado, contrary  to law (Shelter Mut. Ins. Co v. Public

Water Sup. Dist., 757 F.2d 1195, 1198 (8th Cir.1984)), delivery said affidavit.  James S. Russell (D.O.J. employee), In turn violated ABA Rule 3.4 (a) and ABA Rule 8.4(c).

7.  On or about 12/07/2006 James S. Russell (D.O.J. employee) knew or reasonably should have known, that the federal  affidavit admissions of the acts of:  Frank Silva , for the Ken Caryl Post Office (Postal employee), knowingly and willfully obstructs or retards the passage of US mail, credit applications (First Class Mail, by class), in turn violated TITLE 18 § 1701 and TITLE 18 § 1703, commented a felony. Therefore for his failure to report the crime, commits, TITLE 18 § 4 Misprision of felony.  In turn Violated 5 U.S.C Sec. 3331.  In turn Violated ABA 8.4(b).

8.  On or about 12/07/2006 James S. Russell (D.O.J. employee) knew or reasonably should have known, that the federal  affidavit admissions of the acts of:  Ann Smith, for the Ken Caryl Post Office (Postal employee), knowingly and willfully obstructs or retards the passage of US mail, credit applications (First Class Mail, by class), in turn violated TITLE 18 § 1701 and TITLE 18 § 1703, commented a felony.  Therefore for his failure to report the crime, commits, TITLE 18 § 4 Misprision of felony.  In turn Violated 5 U.S.C Sec. 3331.  In turn Violated ABA 8.4(b).

9.  On or about 12/07/2006 James S. Russell (D.O.J. employee) knew or reasonably should have known, that the federal  affidavit admissions of the acts of:  Brandon D. Lewis, (Postal employee), knowingly and willfully took US mail  from Ken Caryl Post Office before it had been delivered to the person to whom it was directed, obstruct the correspondence,  detains, delays, to pry into the business or secrets of Mr. Rosiere (publisher). Credit applications are (First Class Mail, by class), in turn violated TITLE 18 § 1702 and TITLE 18 § 1703, commented a felony. Therefore for his failure to report the crime, commits, TITLE 18 § 4  Misprision of felony.  In turn Violated 5 U.S.C Sec. 3331.  In turn Violated ABA 8.4(b).

10.  On or about 12/07/2006 James S. Russell (D.O.J. employee) knew or reasonably should have known, that the federal  affidavit admissions of the acts of:  Brandon D. Lewis, (Postal employee), knowingly and willfully investigated FEDEX (beyond Jurisdiction, United States Postal Service (USPS)), which is not under public authority of title 39, to pry into the business or secrets of Mr. Rosiere (publisher). In turn Violated 5 U.S.C Sec. 3331,  and Violated 4 U.S.C. Sec 72 limitations in the post of duty for United States Postal Service (USPS) employees which are in the body of Title 39, as set by Congress.  When Brandon D. Lewis, (Postal employee), did not have jurisdiction to act, he willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381. commented a felony. Therefore for his failure to report the crime, commits, TITLE 18 § 4 Misprision of felony.  In turn Violated 5 U.S.C Sec. 3331.  In turn Violated ABA 8.4(b).

11.  On or about 12/07/2006 James S. Russell (D.O.J. employee) knew or reasonably should have known, that the federal  affidavit admissions of the acts of:  Brandon D. Lewis, (Postal employee), knowingly and willfully took US mail  from Ken Caryl Post Office before it had been delivered to the person to whom it was directed, obstruct the correspondence, failed to seek a warrant, opened letter, detains, delays, to pry into the business or secrets of Mr. Rosiere (publisher). Credit applications are (First Class Mail, by class), in turn violated the 4th Amendment of the constitution.   Violated 39 U.S.C. § 3623(d) protects first class mail "of

domestic origin" from search without a warrant (Active 2005). In turn Violated 5 U.S.C Sec. 3331, and Violated 4 U.S.C. Sec 72 limitations in the post of duty for United States Postal Service (USPS) employees which are in the body of Title 39, as set by Congress. In turn 18, U.S.C., Section 242, commented a felony. Therefore for his failure to report the crime, commits, TITLE 18 § 4 Misprision of felony. In turn Violated 5 U.S.C Sec. 3331. In turn Violated ABA 8.4(b).

12. On or before 1/17/2007 Frank E. Jones (Postal employee) knew or reasonably should have known the following acts, since in his own federal affidavit (date 01/17/2007) and submitted to Denver federal court on 01/18/2007, admits reading with detail Brandon D. Lewis, (Postal employee) federal affidavit, that the federal affidavit admissions of the acts of: Frank Silva , for the Ken Caryl Post Office (Postal employee), knowingly and willfully obstructs or retards the passage of US mail, credit applications (First Class Mail, by class), in turn violated TITLE 18 § 1701 and TITLE 18 § 1703, commented a felony. Therefore for his failure to report the crime, commits, TITLE 18 § 4 Misprision of felony. In turn Violated 5 U.S.C Sec. 3331.

13. .On or before 1/17/2007 Frank E. Jones (Postal employee) knew or reasonably should have known the following acts, since in his own federal affidavit (date 01/17/2007) and submitted to Denver federal court on 01/18/2007, admits reading with detail Brandon D. Lewis, (Postal employee) federal affidavit, that the federal affidavit admissions of the acts of: Ann Smith , for the Ken Caryl Post Office (Postal employee), knowingly and willfully obstructs or retards the passage of US mail, credit applications (First Class Mail, by class), in turn violated TITLE 18 § 1701 and TITLE 18 § 1703, commented a felony. Therefore for his failure to report the crime, commits, TITLE 18 § 4 Misprision of felony. In turn Violated 5 U.S.C Sec. 3331.

14. On or before 1/17/2007 Frank E. Jones (Postal employee) knew or reasonably should have known the following acts, since in his own federal affidavit (date 01/17/2007) and submitted to Denver federal court on 01/18/2007, admits reading with detail Brandon D. Lewis, (Postal employee) federal affidavit, that the federal affidavit admissions of the acts of: Brandon D. Lewis, (Postal employee), knowingly and willfully took US mail from Ken Caryl Post Office before it had been delivered to the person to whom it was directed, obstruct the correspondence, detains, delays, to pry into the business or secrets of Mr. Rosiere (publisher). Credit applications are (First Class Mail, by class), in turn violated TITLE 18 § 1702 and TITLE 18 § 1703, commented a felony. Therefore for his failure to report the crime, commits, TITLE 18 § 4 Misprision of felony. In turn Violated 5 U.S.C Sec. 3331.

15. On or before 1/17/2007 Frank E. Jones (Postal employee) knew or reasonably should have known the following acts, since in his own federal affidavit (date 01/17/2007) and submitted to Denver federal court on 01/18/2007, admits reading with detail Brandon D. Lewis, (Postal employee) federal affidavit, that the federal affidavit admissions of the acts of: Brandon D. Lewis, (Postal employee), knowingly and willfully took US mail from Ken Caryl Post Office before it had been delivered to the person to whom it was directed, obstruct the correspondence, failed to seek a warrant, opened letter, detains, delays, to pry into the

business or secrets of Mr. Rosiere (publisher). Credit applications are (First Class Mail, by class), in turn violated the 4th Amendment of the constitution.  Violated 39 U.S.C. § 3623(d) protects first class mail "of domestic origin" from search without a warrant (Active 2005). In turn Violated 5 U.S.C Sec. 3331,  and Violated 4 U.S.C. Sec 72 limitations in the post of duty for United States Postal Service (USPS) employees which are in the body of Title 39, as set by Congress. In turn 18, U.S.C., Section 242, commented a felony.  Therefore for his failure to report the crime, commits, TITLE 18 § 4  Misprision of felony.  In turn Violated 5 U.S.C Sec. 3331.

16.  On or before 1/17/2007 Frank E. Jones (Postal employee) knew or reasonably should have known the following acts,  since in his own federal affidavit (date 01/17/2007) and submitted to Denver federal court on 01/18/2007, admits reading with detail Brandon D. Lewis, (Postal employee) federal affidavit, that the federal  affidavit admissions of the acts of:  Brandon D. Lewis, (Postal employee), knowingly and willfully investigated FEDEX (beyond Jurisdiction, United States Postal Service (USPS)), which is not under public authority of title 39, to pry into the business or secrets of Mr. Rosiere (publisher). In turn Violated 5 U.S.C Sec. 3331,  and Violated 4 U.S.C. Sec 72 limitations in the post of duty for United States Postal Service (USPS) employees which are in the body of Title 39, as set by Congress.  When Brandon D. Lewis, (Postal employee), did not have jurisdiction to act, he willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381.  commented a felony. Therefore for his failure to report the crime, commits, TITLE 18 § 4  Misprision of felony.  In turn Violated 5 U.S.C Sec. 3331.

17.  On or before 1/17/2007 Frank E. Jones (Postal employee), knowingly and willfully investigated FEDEX (beyond Jurisdiction, United States Postal Service (USPS)), which is not under public authority of title 39, to pry into the business or secrets of Mr. Rosiere (publisher). In turn Violated 5 U.S.C Sec. 3331,   and Violated 4 U.S.C. Sec 72 limitations in the post of duty for United States Postal Service (USPS) employees which are in the body of Title 39, as set by Congress.  When Frank E. Jones, (Postal employee), did not have jurisdiction to act, he willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381.  commented a felony.

18. On or before 5/15/2008 Robert Meyers (Postal employee) knew or reasonably should have known the following acts,  since in his own federal affidavit (date 5/15/2008) and submitted to Denver federal court on 5/15/2008, admits reading with detail Brandon D. Lewis, (Postal employee) federal affidavit, that the federal  affidavit admissions of the acts of:  Frank Silva , for the Ken Caryl Post Office (Postal employee), knowingly and willfully obstructs or retards the passage of US mail, credit applications (First Class Mail, by class), in turn violated TITLE 18 § 1701 and TITLE 18 § 1703, commented a felony. Therefore for his failure to report the crime, commits, TITLE 18 § 4  Misprision of felony.  In turn Violated 5 U.S.C Sec. 3331.

19.  .On or before 5/15/2008 Robert Meyers (Postal employee) knew or reasonably should have known the following acts,  since in his own federal affidavit (date 5/15/2008) and submitted to Denver federal court on 5/15/2008, admits reading with detail Brandon D. Lewis, (Postal employee) federal affidavit, that the federal  affidavit admissions of the acts of:  Ann Smith , for

the Ken Caryl Post Office (Postal employee), knowingly and willfully obstructs or retards the passage of US mail, credit applications (First Class Mail, by class), in turn violated TITLE 18 § 1701 and TITLE 18 § 1703, commented a felony. Therefore for his failure to report the crime, commits, TITLE 18 § 4  Misprision of felony.  In turn Violated 5 U.S.C Sec. 3331.

20.  On or before 5/15/2008 Robert Meyers (Postal employee) knew or reasonably should have known the following acts,  since in his own federal affidavit (date 5/15/2008) and submitted to Denver federal court on 5/15/2008, admits reading with detail Brandon D. Lewis, (Postal employee) federal affidavit, that the federal  affidavit admissions of the acts of:  Brandon D. Lewis, (Postal employee), knowingly and willfully took US mail  from Ken Caryl Post Office before it had been delivered to the person to whom it was directed, obstruct the correspondence,  detains, delays, to pry into the business or secrets of Mr. Rosiere (publisher). Credit applications are (First Class Mail, by class), in turn violated TITLE 18 § 1702 and TITLE 18 § 1703, commented a felony. Therefore for his failure to report the crime, commits, TITLE 18 § 4 Misprision of felony.  In turn Violated 5 U.S.C Sec. 3331.

21. On or before 5/15/2008 Robert Meyers (Postal employee) knew or reasonably should have known the following acts,  since in his own federal affidavit (date 5/15/2008) and submitted to Denver federal court on 5/15/2008, admits reading with detail Brandon D. Lewis, (Postal employee) federal affidavit, that the federal  affidavit admissions of the acts of:  Brandon D. Lewis, (Postal employee), knowingly and willfully took US mail  from Ken Caryl Post Office before it had been delivered to the person to whom it was directed, obstruct the correspondence, failed to seek a warrant, opened letter, detains, delays, to pry into the business or secrets of Mr. Rosiere (publisher). Credit applications are (First Class Mail, by class), in turn violated the 4th Amendment of the constitution.   Violated 39 U.S.C. § 3623(d) protects first class mail "of domestic origin" from search without a warrant (Active 2005). In turn Violated 5 U.S.C Sec. 3331,  and Violated 4 U.S.C. Sec 72 limitations in the post of duty for United States Postal Service (USPS) employees which are in the body of Title 39, as set by Congress. In turn 18, U.S.C., Section 242, commented a felony. Therefore for his failure to report the crime, commits, TITLE 18 § 4  Misprision of felony.  In turn Violated 5 U.S.C Sec. 3331.

22.  On or before 5/15/2008 Robert Meyers (Postal employee knew or reasonably should have known the following acts,  since in his own federal affidavit (date 5/15/2008) and submitted to Denver federal court on 5/15/2008, admits reading with detail Brandon D. Lewis, (Postal employee) federal affidavit, that the federal  affidavit admissions of the acts of:  Brandon D. Lewis, (Postal employee), knowingly and willfully investigated FEDEX (beyond Jurisdiction, United States Postal Service (USPS)), which is not under public authority of title 39, to pry into the business or secrets of Mr. Rosiere (publisher). In turn Violated 5 U.S.C Sec. 3331,  and Violated 4 U.S.C. Sec 72 limitations in the post of duty for United States Postal Service (USPS) employees which are in the body of Title 39, as set by Congress. When Brandon D. Lewis, (Postal employee), did not have jurisdiction to act, he willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381.  commented a felony. Therefore for his failure to report the crime, commits, TITLE 18 § 4  Misprision of felony.  In turn Violated 5 U.S.C Sec. 3331.

23. On or about 12/07/2006 Craig B. Shaffer (Judicial employee) knew or reasonably should have known, that the federal affidavit admissions of the acts of: Frank Silva , for the Ken Caryl Post Office (Postal employee), knowingly and willfully obstructs or retards the passage of US mail, credit applications (First Class Mail, by class), in turn violated TITLE 18 § 1701 and TITLE 18 § 1703, commented a felony. Therefore for his failure to uphold his oath of office commits, a Violation 5 U.S.C Sec. 3331. He willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381.

24. On or about 12/07/2006 Craig B. Shaffer (Judicial employee) knew or reasonably should have known, that the federal affidavit admissions of the acts of: Ann Smith, for the Ken Caryl Post Office (Postal employee), knowingly and willfully obstructs or retards the passage of US mail, credit applications (First Class Mail, by class), in turn violated TITLE 18 § 1701 and TITLE 18 § 1703, commented a felony. Therefore for his failure to uphold his oath of office commits, a Violation 5 U.S.C Sec. 3331. He willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381.

25. On or about 12/07/2006 Craig B. Shaffer (Judicial employee) knew or reasonably should have known, that the federal affidavit admissions of the acts of: Brandon D. Lewis, (Postal employee), knowingly and willfully took US mail from Ken Caryl Post Office before it had been delivered to the person to whom it was directed, obstruct the correspondence, detains, delays, to pry into the business or secrets of Mr. Rosiere (publisher). Credit applications are (First Class Mail, by class), in turn violated TITLE 18 § 1702 and TITLE 18 § 1703, commented a felony. Therefore for his failure to uphold his oath of office commits, a Violation 5 U.S.C Sec. 3331. He willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381.

26. On or about 12/07/2006 Craig B. Shaffer (Judicial employee) knew or reasonably should have known, that the federal affidavit admissions of the acts of: Brandon D. Lewis, (Postal employee), knowingly and willfully investigated FEDEX (beyond Jurisdiction, United States Postal Service (USPS)), which is not under public authority of title 39, to pry into the business or secrets of Mr. Rosiere (publisher). In turn Violated 5 U.S.C Sec. 3331, and Violated 4 U.S.C. Sec 72 limitations in the post of duty for United States Postal Service (USPS) employees which are in the body of Title 39, as set by Congress. When Brandon D. Lewis, (Postal employee), did not have jurisdiction to act, he willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381. commented a felony. Therefore for his failure to uphold his oath of office commits, a Violation 5 U.S.C Sec. 3331. He willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381.

27. On or about 12/07/2006 Craig B. Shaffer (Judicial employee) knew or reasonably should have known, that the federal affidavit admissions of the acts of: Brandon D. Lewis, (Postal employee), knowingly and willfully took US mail from Ken Caryl Post Office before it had been delivered to the person to whom it was directed, obstruct the correspondence, failed to seek a warrant, opened letter, detains, delays, to pry into the business or secrets of Mr. Rosiere (publisher). Credit applications are (First Class Mail, by class), in turn violated the 4th

Amendment of the constitution.   Violated 39 U.S.C. § 3623(d) protects first class mail "of domestic origin" from search without a warrant (Active 2005). In turn Violated 5 U.S.C Sec. 3331,  and Violated 4 U.S.C. Sec 72 limitations in the post of duty for United States Postal Service (USPS) employees which are in the body of Title 39, as set by Congress. In turn 18, U.S.C., Section 242, commented a felony.  Therefore for his failure to uphold his oath of office commits,  a Violation 5 U.S.C Sec. 3331. He willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381.

28.  On or about 8/6/2007 (reassignment of federal case Denver, Colorado) through 5/5/2008, Kristen L. Mix (Judicial employee) knew or reasonably should have known, that the federal affidavit ( 12/7/2006) admissions of the acts of:   Frank Silva , for the Ken Caryl Post Office (Postal employee), knowingly and willfully obstructs or retards the passage of US mail, credit applications (First Class Mail, by class), in turn violated TITLE 18 § 1701 and TITLE 18 § 1703, commented a felony. Therefore for her failure to uphold  her oath of office commits,  a Violation 5 U.S.C Sec. 3331.  Her willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381.

29.  On or about 8/6/2007 (reassignment of federal case Denver, Colorado) through 5/5/2008, Kristen L. Mix (Judicial employee) knew or reasonably should have known, that the federal affidavit ( 12/7/2006) admissions of the acts of:   Ann Smith, for the Ken Caryl Post Office (Postal employee), knowingly and willfully obstructs or retards the passage of US mail, credit applications (First Class Mail, by class), in turn violated TITLE 18 § 1701 and TITLE 18 § 1703, commented a felony.  Therefore for her failure to uphold  her oath of office commits,  a Violation 5 U.S.C Sec. 3331.  Her willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381.

30.  On or about 8/6/2007 (reassignment of federal case Denver, Colorado) through 5/5/2008, Kristen L. Mix (Judicial employee) knew or reasonably should have known, that the federal affidavit ( 12/7/2006) admissions of the acts of:  Brandon D. Lewis, (Postal employee), knowingly and willfully took US mail  from Ken Caryl Post Office before it had been delivered to the person to whom it was directed, obstruct the correspondence,  detains, delays, to pry into the business or secrets of Mr. Rosiere (publisher). Credit applications are (First Class Mail, by class), in turn violated TITLE 18 § 1702 and TITLE 18 § 1703, commented a felony.  Therefore for her failure to uphold  her oath of office commits,  a Violation 5 U.S.C Sec. 3331.  Her willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381.

31.  On or about 8/6/2007 (reassignment of federal case Denver, Colorado) through 5/5/2008, Kristen L. Mix (Judicial employee) knew or reasonably should have known, that the federal affidavit ( 12/7/2006) admissions of the acts of:  Brandon D. Lewis, (Postal employee), knowingly and willfully investigated FEDEX (beyond Jurisdiction, United States Postal Service (USPS)), which is not under public authority of title 39, to pry into the business or secrets of Mr. Rosiere (publisher). In turn Violated 5 U.S.C Sec. 3331,  and Violated 4 U.S.C. Sec 72 limitations in the post of duty for United States Postal Service (USPS) employees which are in the body of Title 39, as set by Congress.  When Brandon D. Lewis, (Postal employee), did not have

jurisdiction to act, he willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381. commented a felony. Therefore for her failure to uphold her oath of office commits, a Violation 5 U.S.C Sec. 3331. Her willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381.

32. On or about 8/6/2007 (reassignment of federal case Denver, Colorado) through 5/5/2008, Kristen L. Mix (Judicial employee) knew or reasonably should have known, that the federal affidavit ( 12/7/2006) admissions of the acts of:  Brandon D. Lewis, (Postal employee), knowingly and willfully took US mail  from Ken Caryl Post Office before it had been delivered to the person to whom it was directed, obstruct the correspondence, failed to seek a warrant, opened letter, detains, delays, to pry into the business or secrets of Mr. Rosiere (publisher). Credit applications are (First Class Mail, by class), in turn violated the 4th Amendment of the constitution.  Violated 39 U.S.C. § 3623(d) protects first class mail "of domestic origin" from search without a warrant (Active 2005). In turn Violated 5 U.S.C Sec. 3331,  and Violated 4 U.S.C. Sec 72 limitations in the post of duty for United States Postal Service (USPS) employees which are in the body of Title 39, as set by Congress. In turn 18, U.S.C., Section 242, commented a felony.  Therefore for her failure to uphold  her oath of office commits,  a Violation 5 U.S.C Sec. 3331. Her willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381.

33. On or about June 2005 through December 2008, Robert Palka (postal employee) made false declarations before grand jury, in Trenton, NJ, as follows: " Defendant ROSIERE, on behalf of the Rosiere Corporations, and JKST entered into a contract".  This statement is absolutely false. In turn violated 18 sec 1623.  commented a felony. In turn violated 5 U.S.C Sec. 3331.

34. On or about June 2005 through December 2008, Robert Palka (postal employee) made false declarations before grand jury, in Trenton, NJ, as follows: ," Defendant HILEY, in turn, introduced Defendant SACKS to Defendant ROSIERE in or about May, 2005
Facilitating Corporations: It was further part of the conspiracy that on or about the following dates, Defendant ROSIERE incorporated or caused to be incorporated the following Facilitating Corporations (hereinafter "Rosiere Corporations"), for the purpose of opening Facilitating Bank Accounts: Name Date Incorporator; Chain of Mines Inc. March 31, 2005 ROSIERE; Core Basic Data Systems Inc. March 31, 2005 ROSIERE; Engineering Systems Inc. March 31, 2005 ROSIERE; Fiesta Systems Inc. March 31, 2005 ROSIERE; GoGo Big Daddy Inc. March 31, 2005 ROSIERE; GoGo Inc. March 31, 2005 ROSIERE; Gold Inc. April 1, 2005 ROSIERE; International Investment Fund Inc. March 31, 2005 ROSIERE; Macrosoft Inc. March 31, 2005 ROSIERE; National Investment Fund Inc. March 31, 2005 ROSIERE; Players Club Inc. March 31, 2005 ROSIERE; Velocity International Inc. March 31, 2005 ROSIERE"
No one can conspire to commit a crime with people not yet met**** The common man would expect Robert Palka (postal employee) to know the  calendar months in sequential order.  This statement is absolutely false. In turn violated 18 sec 1623.  commented a felony. In turn violated 5 U.S.C Sec. 3331.

35. On or about June 2005 through December 2008, Robert Palka (postal employee), was the Trenton, NJ, primary investigator as stated on or about September 2009, therefore he should

13

have known or reasonably should have known, that the federal affidavit ( 12/7/2006) admissions of the acts of:  Frank Silva , for the Ken Caryl Post Office (Postal employee), knowingly and willfully obstructs or retards the passage of US mail, credit applications (First Class Mail, by class), in turn violated TITLE 18 § 1701 and TITLE 18 § 1703, commented a felony. Therefore for his failure to report the crime, commits, TITLE 18 § 4  Misprision of felony.  In turn Violated 5 U.S.C Sec. 3331.

36. On or about June 2005 through December 2008, Robert Palka (postal employee), was the Trenton, NJ, primary investigator as stated on or about September 2009, therefore he should have known or reasonably should have known, that the federal affidavit ( 12/7/2006) admissions of the acts of:  Ann Smith, for the Ken Caryl Post Office (Postal employee), knowingly and willfully obstructs or retards the passage of US mail, credit applications (First Class Mail, by class), in turn violated TITLE 18 § 1701 and TITLE 18 § 1703, commented a felony. Therefore for his failure to report the crime, commits, TITLE 18 § 4  Misprision of felony.  In turn Violated 5 U.S.C Sec. 3331.

37. On or about June 2005 through December 2008, Robert Palka (postal employee), was the Trenton, NJ, primary investigator as stated on or about September 2009, therefore he should have known or reasonably should have known, that the federal affidavit ( 12/7/2006) admissions of the acts of:  Brandon D. Lewis, (Postal employee), knowingly and willfully took US mail  from Ken Caryl Post Office before it had been delivered to the person to whom it was directed, obstruct the correspondence,  detains, delays, to pry into the business or secrets of Mr. Rosiere (publisher). Credit applications are (First Class Mail, by class), in turn violated TITLE 18 § 1702 and TITLE 18 § 1703, commented a felony.  Therefore for his failure to report the crime, commits, TITLE 18 § 4  Misprision of felony.  In turn Violated 5 U.S.C Sec. 3331.

38. On or about June 2005 through December 2008, Robert Palka (postal employee), was the Trenton, NJ, primary investigator as stated on or about September 2009, therefore he should have known or reasonably should have known, that the federal affidavit ( 12/7/2006) admissions of the acts of:  Brandon D. Lewis, (Postal employee), knowingly and willfully investigated FEDEX (beyond Jurisdiction, United States Postal Service (USPS)), which is not under public authority of title 39, to pry into the business or secrets of Mr. Rosiere (publisher). In turn Violated 5 U.S.C Sec. 3331,  and Violated 4 U.S.C. Sec 72 limitations in the post of duty for United States Postal Service (USPS) employees which are in the body of Title 39, as set by Congress.  When Brandon D. Lewis, (Postal employee), did not have jurisdiction to act, he willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381.  commented a felony.  Therefore for his failure to report the crime, commits, TITLE 18 § 4  Misprision of felony. In turn Violated 5 U.S.C Sec. 3331.

39. On or about June 2005 through December 2008, Robert Palka (postal employee), was the Trenton, NJ, primary investigator as stated on or about September 2009, therefore he should have known or reasonably should have known, that the federal affidavit ( 12/7/2006) admissions of the acts of:  Brandon D. Lewis, (Postal employee), knowingly and willfully took US mail  from Ken Caryl Post Office before it had been delivered to the person to whom it was

directed, obstruct the correspondence, failed to seek a warrant, opened letter, detains, delays, to pry into the business or secrets of Mr. Rosiere (publisher). Credit applications are (First Class Mail, by class), in turn violated the 4th Amendment of the constitution.   Violated 39 U.S.C. § 3623(d) protects first class mail "of domestic origin" from search without a warrant (Active 2005). In turn Violated 5 U.S.C Sec. 3331,  and Violated 4 U.S.C. Sec 72 limitations in the post of duty for United States Postal Service (USPS) employees which are in the body of Title 39, as set by Congress. In turn 18, U.S.C., Section 242, commented a felony.  Therefore for his failure to report the crime, commits, TITLE 18 § 4  Misprision of felony.  In turn Violated 5 U.S.C Sec. 3331.

40. As stated on or about September 2009, John Jay Hoffman (D.O.J. employee) and Peter N. Katz (D.O.J. employee), in Trenton, NJ, participated in every aspect of the investigation process, and that Mr. Rosiere (publisher), was the most investigated person in Trenton, NJ DOJ history. Therefore they should have known or reasonably should have known, that Robert Palka (postal employee) made false declarations before grand jury, in Trenton, NJ, as follows: " Defendant ROSIERE, on behalf of the Rosiere Corporations, and JKST entered into a contract".  This statement is absolutely false.  In turn violated 18 sec 1623.  commented a felony. Therefore for their failure to report the crime,  each commits, TITLE 18 § 4  Misprision of felony.  In turn Violated 5 U.S.C Sec. 3331.

41. As stated on or about September 2009, John Jay Hoffman (D.O.J. employee) and Peter N. Katz (D.O.J. employee), in Trenton, NJ, participated in every aspect of the investigation process, and that Mr. Rosiere (publisher), was the most investigated person in Trenton, NJ DOJ history. Therefore they should have known or reasonably should have known, that Robert Palka (postal employee) made false declarations before grand jury, in Trenton, NJ, as follows: ," Defendant HILEY, in turn, introduced Defendant SACKS to Defendant ROSIERE in or about May, 2005 Facilitating Corporations: It was further part of the conspiracy that on or about the following dates, Defendant ROSIERE incorporated or caused to be incorporated the following Facilitating Corporations (hereinafter "Rosiere Corporations"), for the purpose of opening Facilitating Bank Accounts: Name Date Incorporator; Chain of Mines Inc. March 31, 2005 ROSIERE; Core Basic Data Systems Inc. March 31, 2005 ROSIERE; Engineering Systems Inc. March 31, 2005 ROSIERE; Fiesta Systems Inc. March 31, 2005 ROSIERE; GoGo Big Daddy Inc. March 31, 2005 ROSIERE; GoGo Inc. March 31, 2005 ROSIERE; Gold Inc. April 1, 2005 ROSIERE; International Investment Fund Inc. March 31, 2005 ROSIERE; Macrosoft Inc. March 31, 2005 ROSIERE; National Investment Fund Inc. March 31, 2005 ROSIERE; Players Club Inc. March 31, 2005 ROSIERE; Velocity International Inc. March 31, 2005 ROSIERE"
No one can conspire to commit a crime with people not yet met**** The common man would expect Robert Palka (postal employee) to know the  calendar months in sequential order.  This statement is absolutely false.  In turn violated 18 sec 1623.  commented a felony. Therefore for their failure to report the crime,  each commits, TITLE 18 § 4  Misprision of felony.  In turn Violated 5 U.S.C Sec. 3331.

42. As stated on or about September 2009, John Jay Hoffman (D.O.J. employee) and Peter N. Katz (D.O.J. employee), in Trenton, NJ, participated in every aspect of the investigation process,

and that Mr. Rosiere (publisher), was the most investigated person in Trenton, NJ DOJ history. Therefore they should have known or reasonably should have known, that the federal affidavit ( 12/7/2006) admissions of the acts of:  Frank Silva , for the Ken Caryl Post Office (Postal employee), knowingly and willfully obstructs or retards the passage of US mail, credit applications (First Class Mail, by class), in turn violated TITLE 18 § 1701 and TITLE 18 § 1703, commented a felony. Therefore for their failure to report the crime,  each commits, TITLE 18 § 4 Misprision of felony.  In turn Violated 5 U.S.C Sec. 3331.

43.  As stated on or about September 2009, John Jay Hoffman (D.O.J. employee) and Peter N. Katz (D.O.J. employee), in Trenton, NJ, participated in every aspect of the investigation process, and that Mr. Rosiere (publisher), was the most investigated person in Trenton, NJ DOJ history. Therefore they should have known or reasonably should have known, that the federal affidavit ( 12/7/2006) admissions of the acts of: Ann Smith, for the Ken Caryl Post Office (Postal employee), knowingly and willfully obstructs or retards the passage of US mail, credit applications (First Class Mail, by class), in turn violated TITLE 18 § 1701 and TITLE 18 § 1703, commented a felony.  Therefore for their failure to report the crime,  each commits, TITLE 18 § 4  Misprision of felony.  In turn Violated 5 U.S.C Sec. 3331.

44.  As stated on or about September 2009, John Jay Hoffman (D.O.J. employee) and Peter N. Katz (D.O.J. employee), in Trenton, NJ, participated in every aspect of the investigation process, and that Mr. Rosiere (publisher), was the most investigated person in Trenton, NJ DOJ history. Therefore they should have known or reasonably should have known, that the federal affidavit ( 12/7/2006) admissions of the acts of:  Brandon D. Lewis, (Postal employee), knowingly and willfully took US mail  from Ken Caryl Post Office before it had been delivered to the person to whom it was directed, obstruct the correspondence,  detains, delays, to pry into the business or secrets of Mr. Rosiere (publisher). Credit applications are (First Class Mail, by class), in turn violated TITLE 18 § 1702 and TITLE 18 § 1703, commented a felony.  Therefore for their failure to report the crime,  each commits, TITLE 18 § 4  Misprision of felony.  In turn Violated 5 U.S.C Sec. 3331.

45.  As stated on or about September 2009, John Jay Hoffman (D.O.J. employee) and Peter N. Katz (D.O.J. employee), in Trenton, NJ, participated in every aspect of the investigation process, and that Mr. Rosiere (publisher), was the most investigated person in Trenton, NJ DOJ history. Therefore they should have known or reasonably should have known, that the federal affidavit ( 12/7/2006) admissions of the acts of:  Brandon D. Lewis, (Postal employee), knowingly and willfully investigated FEDEX (beyond Jurisdiction, United States Postal Service (USPS)), which is not under public authority of title 39, to pry into the business or secrets of Mr. Rosiere (publisher). In turn Violated 5 U.S.C Sec. 3331,  and Violated 4 U.S.C Sec 72 limitations in the post of duty for United States Postal Service (USPS) employees which are in the body of Title 39, as set by Congress.  When Brandon D. Lewis, (Postal employee), did not have jurisdiction to act, he willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381.  commented a felony.  .  Therefore for their failure to report the crime,  each commits, TITLE 18 § 4  Misprision of felony.  In turn Violated 5 U.S.C Sec. 3331.

46. . As stated on or about September 2009, John Jay Hoffman (D.O.J. employee) and Peter N. Katz (D.O.J. employee), in Trenton, NJ, participated in every aspect of the investigation process, and that Mr. Rosiere (publisher), was the most investigated person in Trenton, NJ DOJ history. Therefore they should have known or reasonably should have known, that the federal affidavit ( 12/7/2006) admissions of the acts of:  Brandon D. Lewis, (Postal employee), knowingly and willfully took US mail  from Ken Caryl Post Office before it had been delivered to the person to whom it was directed, obstruct the correspondence, failed to seek a warrant, opened letter, detains, delays, to pry into the business or secrets of Mr. Rosiere (publisher). Credit applications are (First Class Mail, by class), in turn violated the 4th Amendment of the constitution. Violated 39 U.S.C. § 3623(d) protects first class mail "of domestic origin" from search without a warrant (Active 2005). In turn Violated 5 U.S.C Sec. 3331,  and Violated 4 U.S.C. Sec 72 limitations in the post of duty for United States Postal Service (USPS) employees which are in the body of Title 39, as set by Congress. In turn 18, U.S.C., Section 242, commented a felony. Therefore for their failure to report the crime,  each commits, TITLE 18 § 4  Misprision of felony. In turn Violated 5 U.S.C Sec. 3331.

47. On or about 8/17/2009, John Jay Hoffman (D.O.J. employee) and Peter N. Katz (D.O.J. employee), in Trenton, NJ federal court state, "all items seized pursuant to Court authorized search warrants have been made available and provided to all defendants during the discovery process", "United States has fully complied with its discovery obligations pursuant to Rule 16." These statements are absolutely false. To date the government has never produced any of the 44 registered Colorado corporation documents, including place of origin and initial formation of corporation. These corporations "obtained credit from local merchants in the name of corporations and purchased office products such as computers," for corporate credit at this level the companies need to be at least two years old, (This is a statement of fact.  As one of the world's formost experts in this field, Mr. Rosiere publisher of True Corporate Credit 101). Never produced to date the information or the return of about 1.5 million dollars seized on November 3, 2005 from 10 bank accounts at commercial federal bank. Never produced the 500 CD's of trade secrets seized on November 7, 2005.  Never produced 3000 copy righted materials seized November 7, 2005.  Never produced Medical records seized November 7, 2005.

48. On or about January 13, 2009, Ralph J. Marra (D.O.J. employee), credit Postal Inspectors, with the investigation leading to the Indictment, should have known or reasonably should have known, that Robert Palka (postal employee) made false declarations before grand jury, in Trenton NJ, as follows: ," Defendant HILEY, in turn, introduced Defendant SACKS to Defendant ROSIERE in or about May, 2005
Facilitating Corporations: It was further part of the conspiracy that on or about the following dates, Defendant ROSIERE incorporated or caused to be incorporated the following Facilitating Corporations (hereinafter "Rosiere Corporations"), for the purpose of opening Facilitating Bank Accounts: Name Date Incorporator; Chain of Mines Inc. March 31, 2005 ROSIERE; Core Basic Data Systems Inc. March 31, 2005 ROSIERE; Engineering Systems Inc. March 31, 2005 ROSIERE; Fiesta Systems Inc. March 31, 2005 ROSIERE; GoGo Big Daddy Inc. March 31, 2005 ROSIERE; GoGo Inc. March 31, 2005 ROSIERE; Gold Inc. April 1, 2005 ROSIERE; International Investment Fund Inc. March 31, 2005 ROSIERE; Macrosoft Inc. March 31, 2005 ROSIERE; National

17

Investment Fund Inc. March 31, 2005 ROSIERE; Players Club Inc. March 31, 2005 ROSIERE; Velocity International Inc. March 31, 2005 ROSIERE."

No one can conspire to commit a crime with people not yet met**** The common man would expect Robert Palka (postal employee) to know the calendar months in sequential order. This statement is absolutely false. In turn violated 18 sec 1623. commented a felony. Therefore for his failure to report the crime, commits, TITLE 18 § 4 Misprision of felony. In turn Violated 5 U.S.C Sec. 3331.

49. On or about January 13, 2009, Ralph J. Marra (D.O.J. employee), credit Postal Inspectors, with the investigation leading to the Indictment, should have known or reasonably should have known, that Robert Palka (postal employee) made false declarations before grand jury, in Trenton NJ, as follows: " Defendant ROSIERE, on behalf of the Rosiere Corporations, and JKST entered into a contract". This statement is absolutely false. In turn violated 18 sec 1623. commented a felony. Therefore for his failure to report the crime, commits, TITLE 18 § 4 Misprision of felony. In turn Violated 5 U.S.C Sec. 3331.

50. On or about January 13, 2009, Ralph J. Marra (D.O.J. employee), credit Postal Inspectors, with the investigation leading to the Indictment, should have known or reasonably should have known, that the federal affidavit ( 12/7/2006) admissions of the acts of:  Frank Silva , for the Ken Caryl Post Office (Postal employee), knowingly and willfully obstructs or retards the passage of US mail, credit applications (First Class Mail, by class), in turn violated TITLE 18 § 1701 and TITLE 18 § 1703, commented a felony. Therefore for his failure to report the crime, commits, TITLE 18 § 4 Misprision of felony. In turn Violated 5 U.S.C Sec. 3331.

51. On or about January 13, 2009, Ralph J. Marra (D.O.J. employee), credit Postal Inspectors, with the investigation leading to the Indictment, should have known or reasonably should have known, that the federal affidavit ( 12/7/2006) admissions of the acts of: Ann Smith, for the Ken Caryl Post Office (Postal employee), knowingly and willfully obstructs or retards the passage of US mail, credit applications (First Class Mail, by class), in turn violated TITLE 18 § 1701 and TITLE 18 § 1703, commented a felony. Therefore for his failure to report the crime, commits, TITLE 18 § 4 Misprision of felony. In turn Violated 5 U.S.C Sec. 3331.

52. On or about January 13, 2009, Ralph J. Marra (D.O.J. employee), credit Postal Inspectors, with the investigation leading to the Indictment, should have known or reasonably should have known, that the federal affidavit ( 12/7/2006) admissions of the acts of: Brandon D. Lewis, (Postal employee), knowingly and willfully took US mail  from Ken Caryl Post Office before it had been delivered to the person to whom it was directed, obstruct the correspondence, detains, delays, to pry into the business or secrets of Mr. Rosiere (publisher). Credit applications are (First Class Mail, by class), in turn violated TITLE 18 § 1702 and TITLE 18 § 1703, commented a felony. Therefore for his failure to report the crime, commits, TITLE 18 § 4 Misprision of felony. In turn Violated 5 U.S.C Sec. 3331.

53. On or about January 13, 2009, Ralph J. Marra (D.O.J. employee), credit Postal Inspectors, with the investigation leading to the Indictment, should have known or reasonably should have

known, that the federal affidavit ( 12/7/2006) admissions of the acts of: Brandon D. Lewis, (Postal employee), knowingly and willfully investigated FEDEX (beyond Jurisdiction, United States Postal Service (USPS)), which is not under public authority of title 39, to pry into the business or secrets of Mr. Rosiere (publisher). In turn Violated 5 U.S.C Sec. 3331, and Violated 4 U.S.C. Sec 72 limitations in the post of duty for United States Postal Service (USPS) employees which are in the body of Title 39, as set by Congress. When Brandon D. Lewis, (Postal employee), did not have jurisdiction to act, he willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381. commented a felony. Therefore for his failure to report the crime, commits, TITLE 18 § 4 Misprision of felony. In turn Violated 5 U.S.C Sec. 3331.

54. On or about January 13, 2009, Ralph J. Marra (D.O.J. employee), credit Postal Inspectors, with the investigation leading to the Indictment, should have known or reasonably should have known, that the federal affidavit ( 12/7/2006) admissions of the acts of: Brandon D. Lewis, (Postal employee), knowingly and willfully took US mail from Ken Caryl Post Office before it had been delivered to the person to whom it was directed, obstruct the correspondence, failed to seek a warrant, opened letter, detains, delays, to pry into the business or secrets of Mr. Rosiere (publisher). Credit applications are (First Class Mail, by class), in turn violated the 4th Amendment of the constitution. Violated 39 U.S.C. § 3623(d) protects first class mail "of domestic origin" from search without a warrant (Active 2005). In turn Violated 5 U.S.C Sec. 3331, and Violated 4 U.S.C. Sec 72 limitations in the post of duty for United States Postal Service (USPS) employees which are in the body of Title 39, as set by Congress. In turn 18, U.S.C., Section 242, commented a felony. Therefore for his failure to report the crime, commits, TITLE 18 § 4 Misprision of felony. In turn Violated 5 U.S.C Sec. 3331.

55. On or about January 2009 Peggy A. Leen (Judicial employee) & Garrett E. Brown, Jr. (Judicial employee) were aware of the following acts: On or about July 22, 2005 through December, 2008, several, (Postal employees), knowingly and willfully investigated FEDEX (beyond Jurisdiction, United States Postal Service (USPS)), which is not under public authority of title 39, to pry into the business or secrets of Mr. Rosiere (publisher). In turn Violated 5 U.S.C Sec. 3331, and Violated 4 U.S.C. Sec 72 limitations in the post of duty for United States Postal Service (USPS) employees which are in the body of Title 39, as set by Congress. When several, (Postal employees), did not have jurisdiction to act, they willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381. commented a felony each. For their failure to uphold their oath of office's each commits, a Violation 5 U.S.C Sec. 3331. They willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381.

56. On or about January 2009 Peggy A. Leen (Judicial employee) & Garrett E. Brown, Jr. (Judicial employee) were aware of the following acts: On or about June 2005 through December 2008, Robert Palka (postal employee) made false declarations before grand jury, in Trenton, NJ, as follows: ," Defendant HILEY, in turn, introduced Defendant SACKS to Defendant ROSIERE in or about May, 2005
Facilitating Corporations: It was further part of the conspiracy that on or about the following dates, Defendant ROSIERE incorporated or caused to be incorporated the following Facilitating

Corporations (hereinafter "Rosiere Corporations"), for the purpose of opening Facilitating Bank Accounts: Name Date Incorporator; Chain of Mines Inc. March 31, 2005 ROSIERE; Core Basic Data Systems Inc. March 31, 2005 ROSIERE; Engineering Systems Inc. March 31, 2005 ROSIERE; Fiesta Systems Inc. March 31, 2005 ROSIERE; GoGo Big Daddy Inc. March 31, 2005 ROSIERE; GoGo Inc. March 31, 2005 ROSIERE; Gold Inc. April 1, 2005 ROSIERE; International Investment Fund Inc. March 31, 2005 ROSIERE; Macrosoft Inc. March 31, 2005 ROSIERE; National Investment Fund Inc. March 31, 2005 ROSIERE; Players Club Inc. March 31, 2005 ROSIERE; Velocity International Inc. March 31, 2005 ROSIERE"

No one can conspire to commit a crime with people not yet met**** The common man would expect Robert Palka (postal employee) to know the calendar months in sequential order. This statement is absolutely false. In turn violated 18 sec 1623. commented a felony. In turn violated 5 U.S.C Sec. 3331. For their failure to uphold their oath of office's each commits, a Violation 5 U.S.C Sec. 3331. They willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381.

57. On or about January 2009 Peggy A. Leen (Judicial employee) was aware of the following acts: Mr. Rosiere (publisher) was arrested by a postal employee without committing a violation of postal law, in violation of: **NRS 171.1257.** For her failure to uphold her oath of office she commits, a Violation 5 U.S.C Sec. 3331. She willfully, engaged in an act or acts of treason. In turn violated 18 sec 2381.

## H. Claims For Relief

**Defendants:** Frank Silva (Postal employee); Ann Smith (Postal employee); Brandon D. Lewis (Postal employee); James S. Russell (D.O.J. employee); Craig B. Shaffer (Judicial employee); Jay Hoffman (D.O.J. employee); Peter N. Katz (D.O.J. employee); Robert Palka (Postal employee); , Kristen L. Mix (Judicial employee); Frank E. Jones (Postal employee); Robert Meyers (Postal employee); *Ralph J. Marra* (D.O.J. employee); [Federal employees unknown – who actively participated in the investigation process - direct knowledge. See - Bivens vs. 6 unknown named federal agents 403 US 388, 91 S CT 1999, 29LE2d 619(1971)].

(1) Shaun Rosiere seeks, Title 28 § 1361, Action to compel an officer of the United States to perform his duty. That Danial G. Bogden, United States Attorney, District of Nevada, criminal and civilly prosecute for the crimes of the **Defendants** listed above, for their violation of law in: section **G. Complaint.**

(2) Shaun Rosiere seeks, constitutional remedies for violation of oath of office, in turn unilateral contract violations by the **Defendants** listed above (See **G. Complaint.)** and to set in a position pre-violation of the contracts.

(3) Shaun Rosiere seeks, all other remedies by law allowed and as the Court sees fit from the above listed Defendants!

## I.   Conclusion

For the above listed reasons the Court should grant all legal remedied allowed by law.

I declare Under penalty of perjury in support of the motion that all the above statement are

true and correct as to my knowledge (Shaun Rosiere).

Signed:

Shaun Rosiere (Pro Se)
7380 S. Eastern Ave STE#124265
Las Vegas, NV 89123
Phone: 702-716-5928

## CERTIFICATE OF MAILING

The undersigned hereby certifies that on or about July 29, 2010, through 120 days allowed
under FRCP 4, a true and correct copy of the foregoing was or is sent by United States mail
(Certified), postage prepaid and correctly addressed to the following:

| | |
|---|---|
| Frank Silva (Postal employee);<br>USPS-Post Office<br>8200 Shaffer Pkwy<br>Littleton, Colorado 80127 | Ann Smith (Postal employee);<br>USPS-Post Office<br>8200 Shaffer Pkwy<br>Littleton, Colorado 80127 |
| Brandon D. Lewis (Postal employee);<br>US Postal Inspector Office<br>1745 Stout Street<br>Denver, CO 80299 | James S. Russell (D.O.J. employee);<br>1225 Seventeenth St. Ste. 700<br>Denver, CO 80202 |
| Craig B. Shaffer (Judicial employee);<br>Alfred A. Arraj United States Courthouse<br>901 19th Street<br>Denver, Colorado 80294 | Jay Hoffman (D.O.J. employee);<br>OFFICE OF THE U.S. ATTORNEY<br>402 EAST STATE STREET<br>TRENTON , NJ 08608 |
| Peter N. Katz (D.O.J. employee);<br>OFFICE OF THE U.S. ATTORNEY<br>402 EAST STATE STREET<br>TRENTON , NJ 08608 | Robert Palka (Postal employee);<br>PO BOX 509<br>NEWARK NJ 07101-0509 |

| | |
|---|---|
| Kristen L. Mix (Judicial employee);<br>Alfred A. Arraj United States Courthouse<br>901 19th Street<br>Denver, Colorado 80294 | Frank E. Jones (Postal employee);<br>PO BOX 509<br>NEWARK NJ 07101-0509 |
| Robert Meyers (Postal employee);<br>PO BOX 509<br>NEWARK NJ 07101-0509 | *Ralph J. Marra* (D.O.J. employee);<br>OFFICE OF THE U.S. ATTORNEY<br>402 EAST STATE STREET<br>TRENTON , NJ 08608 |
| [Federal employees unknown – who actively participated in the investigation process - direct knowledge. See - Bivens vs. 6 unknown named federal agents 403 US 388, 91 S CT 1999, 29LE2d 619(1971)].<br><br>A Copy upon Clerk of Court<br>333 S. Las Vegas Blvd.<br>Las Vegas, NV 89101 | Peggy A. Leen (Judicial employee);<br>333 S. Las Vegas Blvd.<br>Las Vegas, NV 89101 |
| Garrett E. Brown, Jr. (Judicial employee);<br>402 EAST STATE STREET<br>TRENTON , NJ 08608 | Daniel G. Bogden<br>United States Attorney<br>District of Nevada<br>333 Las Vegas Boulevard South<br>Suite 5000<br>Las Vegas, NV 89101 |

Shaun Rosiere, (Pro Se) or (A.K.A.)
Dated: July 29, 2010
Phone: 702-689-8141

7380 S. Eastern Ave. STE#124265
Las Vegas, NV 89123